UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
:
NURIDEEN ISLAM,
:
                                    Plaintiff,                       07 Civ. 3225 (PKC) (DF)
:
     -against-                                    **MEMORANDUM**
:                        **AND ORDER**
BRIAN FISCHER, et al.,
:
                                  Defendants.
------------------------------------------------------------------X

**DEBRA FREEMAN, United States Magistrate Judge:**

      This Section 1983 case arises from allegations by *pro se* plaintiff Nurideen Islam ("Plaintiff") that, while he was incarcerated at the Fishkill Correctional Facility ("Fishkill"), his civil rights were violated by Defendants' failure to enforce an indoor-smoking ban in the unit where he was housed. Currently before the Court is Plaintiff's application for the Court to request *pro bono* counsel to represent him in this action. (Dkt. 11.) For the reasons discussed below, Plaintiff's application is denied without prejudice.

## BACKGROUND

      At the commencement of this action, Plaintiff was incarcerated at Fishkill, in Beacon, New York (Complaint, dated Mar. 29, 2007 ("Compl.") (Dkt. 2), ¶ 3), although he has since been released from custody. In his Complaint, Plaintiff alleges that, while at Fishkill, he was unduly subjected to second-hand smoke, in violation of the Eighth and 14th Amendments to the United States Constitution. (Compl., ¶¶ 1, 13.) Specifically, Plaintiff alleges that, while residing in Fishkill's "9/2 Housing Unit," he was exposed to smoke when: (1) certain of the defendants and other prison employees "congregated . . . to smoke" and "systematically smoked on the housing unit without regard[] for the ban on indoor smoking" (*id.*, ¶¶ 12, 36); and (2) "[t]he

inmates['] bathroom . . . was constantly overcrowded with chain[-]smokers" (*id.*, ¶ 107). Plaintiff alleges that he filed numerous grievances regarding the failure of prison officials to enforce the indoor smoking ban, that he appealed the denial of those grievances, and that he wrote to various state officials about the situation, all to no avail. (*See, e.g., id.*, ¶¶ 12, 17, 18, 26.)

Plaintiff commenced this action in April 2007, by filing a Complaint (Dkt. 2) and an application for leave to proceed *in forma pauperis*, which was granted by the Court on April 19, 2007 (Dkt. 1). On January 9, 2008, this Court dismissed the Complaint as against two of the named defendants and otherwise narrowed Plaintiff's claims (Dkt. 26); another motion to dismiss on behalf of certain other defendants is currently pending (Dkt. 32).

Plaintiff applied for the appointment of counsel while he was still incarcerated. Since his release, Plaintiff has appeared before this Court for two case management conferences, on December 10, 2007, and February 26, 2008, and discovery is proceeding. Fact discovery is currently scheduled to be complete by April 30, 2008. (Dkt. 25.)

## DISCUSSION

Unlike criminal defendants, indigents and prisoners filing civil actions have no constitutional right to counsel. *Barzey v. Daley*, No. 99 Civ. 11917 (BSJ) (KNF), 2000 WL 959713 (S.D.N.Y. Jul. 11, 2000). Under 28 U.S.C. § 1915(e)(1), however, the Court may request an attorney to represent any person unable to afford counsel. In this case, Plaintiff has already demonstrated that he is unable to afford counsel; his application to proceed *in forma pauperis* was granted on April 19, 2007. (*See* Dkt. 1.)

"In deciding whether to appoint counsel, . . . [a] district [court] should first determine whether the indigent's position seems likely to be of substance." *Hendricks v. Coughlin*, 114 F.3d 390, 392 (2d Cir. 1997) (quoting *Hodge v. Police Officers*, 802 F.2d 58, 61-62 (2d Cir. 1986)). In order to make such a determination, the Court must decide whether, "from the face of the pleading[s]," *Stewart v. McMickens*, 677 F. Supp. 226, 228 (S.D.N.Y. 1988), the claims asserted by the plaintiff "may have merit," or the plaintiff "appears to have some chance of success." *Baskerville v. Goord*, No. 97 Civ. 6413 (BSJ) (KNF), 2001 WL 527479, at *1 (S.D.N.Y. May 16, 2001) (quotation marks and citations omitted); *see also Hodge*, 802 F.2d at 60-61. While the Court should not appoint counsel "indiscriminately" just because an indigent litigant makes such a request, it is not necessary for the plaintiff to demonstrate that his claims will survive a motion to dismiss or a motion for summary judgment; rather, the Court must only find that the claims satisfy a "threshold showing of merit." *Hendricks*, 114 F.3d at 393-94.

In this case, Plaintiff has offered detailed factual allegations in support of his claim that he was involuntarily exposed to second-hand smoke while incarcerated at Fishkill, and his Complaint has already partially survived a motion to dismiss. Thus, the Complaint plainly has "some chance of success," and Plaintiff has accordingly satisfied the requirement that he make a "threshold showing of merit." *See Cooper v. A. Sargenti Co., Inc.*, 877 F.2d 170 (2d Cir. 1989).

Where a plaintiff satisfies the threshold requirement of demonstrating that his position is likely to be of substance, the Court should go on to consider: (1) the plaintiff's ability to investigate the crucial facts; (2) whether conflicting evidence implicating the need for cross-examination will be the major proof presented to the fact-finder; (3) the plaintiff's ability to present the case; (4) the complexity of the legal issues; and (5) any special reason in the case

why appointment of counsel would be more likely to lead to a just determination. *See Hodge*, 802 F.2d at 61-62; *see also Hendricks*, 114 F.3d at 394-95 (citing *Hodge*). The Court should also consider whether the plaintiff has attempted to obtain a lawyer, and whether a lawyer is available to assist the plaintiff. *See Cooper*, 877 F.2d at 172.

Here, Plaintiff states that he "does not have the expertise or legal skills to bring forth . . . key evidence, such as documents, statistics, and other relevant material" and that Defendants "will . . . request documents and confidential information that requires the guiding hand of counsel." (Plaintiff's Application for Appointment of Counsel (Dkt. 11), at 1.) Plaintiff's general assertion, however, that he "does not have the expertise or legal skills" (*id.*) is not sufficient, in itself, to justify a request for counsel.

Plaintiff has made no showing that he is incapable of investigating the facts of this case or conducting discovery. Not only is Plaintiff no longer incarcerated, but he has served specific document requests and has explained to the Court in detail the nature of the evidence he seeks in order to support his claims. He has also demonstrated a familiarity with how much of the documentary evidence he seeks is maintained within Fishkill, and has pointed opposing counsel to the sources of relevant, discoverable information. He has also identified witnesses with knowledge of his claims and made discovery requests for statements believed to have been made by these witnesses. He has also responded to Defendants' discovery demands and has shown a willingness to cooperate with Defendants' counsel in the discovery process.

Plaintiff has also demonstrated an ability to represent himself effectively to date. Plaintiff has appeared in Court for status conferences, has participated fully in those conferences, has articulated his positions on discovery issues, and has responded appropriately to questioning by the Court regarding his positions. Plaintiff has also submitted opposition papers on the

4

motions challenging the Complaint, demonstrating an ability to meet the Court's procedural requirements and to set forth argument on substantive issues of law. The Court also notes that the legal and factual issues that remain in this case – regarding the enforcement or lack of enforcement of the non-smoking ban in Plaintiff's former housing unit – do not appear to be overly complex. Nor has the Court seen any indication, at least at this time, that the major evidence in the case will be in conflict, implicating the need for cross-examination.

Plaintiff has also not shown any special reason why *pro bono* counsel should be requested for him in this case. He has not shown that he has any language difficulties, for example, or mental health problems, or that he lives in an environment that restricts his ability to investigate his claims, or that there is any other particular reason why counsel is particularly needed for this case to reach a just resolution. Finally, Plaintiff has not demonstrated that he has made significant efforts to locate counsel on his own, and the Court notes that he may yet have success in doing so, now that he has been released from custody.

Upon considering all the relevant factors, the Court concludes that an order requesting that counsel take on this case would not be warranted at this time. Plaintiff's motion is therefore denied, without prejudice to Plaintiff's right to renew his application, should complex issues be raised on any summary judgment motion, or should the case reach the trial stage. Further, if at any time it becomes more apparent to the Court that Plaintiff is not able to proceed effectively without the assistance of counsel, then the Court may reconsider whether to request *pro bono* counsel to assist him. Prior to any renewed application for counsel, however, Plaintiff should make further efforts to obtain an attorney on his own and be prepared to demonstrate the extent of such efforts.

## CONCLUSION

For all of the above reasons, Plaintiff's application for the Court to request counsel is denied without prejudice.

Dated: New York, New York
       February 27, 2008

SO ORDERED

_____
DEBRA FREEMAN
United States Magistrate Judge

Copies to:

Hon. P. Kevin Castel, U.S.D.J.

Mr. Nurideen Islam, *pro se*
c/o Janie Bowens
875 Pennsylvania Ave., #3H
Brooklyn, NY 11207

Jeb Harben, Esq.
Assistant Attorney General
100 Church St.,
New York, NY 10007