UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
NURIDEEN ISLAM,

                      Plaintiff,                    07 Civ. 3225 (PKC)

     -against-

                                                  MEMORANDUM
                                                  AND ORDER
                                                  ON MOTION
                                                  TO RECONSIDER

BRIAN FISCHER, et al.,

                      Defendants.
------------------------------------------------------------x

P. KEVIN CASTEL, District Judge:

        In a Memorandum and Order dated January 8, 2008, I granted in part and denied in part the motion to dismiss of certain defendants. 2008 WL 110244. Counsel for defendants now moves to reargue and have this Court reconsider its denial of a motion to dismiss insofar as it denied the motion of William Connolly, the Superintendent of Fishkill Correctional Facility ("FCF"). I now grant the motion to reconsider in part and dismiss allegations based upon two grievances on which Connolly did not act. The motion is otherwise denied.

I.

        Parties bear a heavy burden in moving for reconsideration under Rule 59(e), Fed. R. Civ. P., and Local Civil Rule 6.3. Reconsideration is an "extraordinary remedy to be employed sparingly in the interests of finality and conservation of scarce judicial resources." In re Health Management Sys. Inc. Sec. Litig., 113 F. Supp. 2d 613, 614 (S.D.N.Y. 2000) (quoting Wendy's Int'l, Inc. v. Nu-Cape Construction, Inc., 169 F.R.D. 680, 685 (M.D. Fla 1996)). "The standard for granting such a motion is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked—matters,

-2-

in other words, that might reasonably be expected to alter the conclusion reached by the court." Shrader v. CSX Transp., Inc., 70 F.3d 255, 257 (2d Cir. 1995) (citations omitted); see also Hammer v. First Unum Life Ins. Co., 2005 WL 525445, at *2 (S.D.N.Y. Mar. 7, 2005) aff'd, 160 Fed. Appx. 103 (2d Cir. 2005) (noting that reconsideration is only appropriate where "the Court overlooked (1) factual matters that were put before it on the underlying motion or (2) controlling legal decisions."). Motions for reconsideration "should not be granted where the moving party seeks solely to relitigate an issue already decided." Shrader, 70 F.3d at 257.

II.

In my original ruling, I noted the standards for liability of a supervisor on a claim under section 1983. "The personal involvement of a supervisor may be established by showing that he (1) directly participated in the violation, (2) failed to remedy the violation after being informed of it by report or appeal, (3) created a policy or custom under which the violation occurred, (4) was grossly negligent in supervising subordinates who committed the violation, or (5) was deliberately indifferent to the rights of others by failing to act on information that constitutional rights were being violated." Iqbal, 490 F.3d at 152-53 (citing Colon v. Coughlin, 58 F.3d 865, 873 (2d Cir. 1995)).

I had noted that in paragraph 18 of the Complaint, plaintiff alleged that Superintendent Connolly received plaintiff's grievance and found that there were no facts to support plaintiff's assertions. In paragraph 25, plaintiff alleged that he had appealed Superintendent Connolly's decision. Superintendent Connolly is also alleged in paragraphs 46 and 59 to have denied subsequent grievances as without merit. Those decisions were also appealed. Plaintiff also alleged that he wrote to Superintendent Connolly recommending that

-3-

indoor air quality be tested weekly and/or monthly. The rationale for denying the motion to dismiss was as follows:

> Drawing every reasonable inference in favor of the pro se plaintiff, I conclude that Islam has alleged facts sufficient to maintain a claim against defendant Connolly. Connolly is alleged to have personally acted on three grievances that touched upon the second-hand smoke issue. As to one grievance, Connolly is alleged to have "stated" that the two officers disputed plaintiff's version and that there were no facts to support plaintiff's version. (Complaint ¶ 18.) Connolly is alleged to have interviewed plaintiff and "the employees in question" concerning one of the grievances. (Id. ¶ 46.) Another grievance was rejected by Connolly as without merit. (Id. ¶ 59.) Taken as a whole and viewed in a light most favorable to plaintiff, the allegations are sufficient to state a claim that the superintendent of the facility was placed on notice of an unreasonable risk of serious harm which he failed to remedy, although it was within his power to do so. Of course, whether plaintiff can come forward with evidence of actual personal involvement by Connolly or deliberate indifference by him to plaintiff's rights are issues which are best addressed at the summary judgment stage.

2008 WL 110244 at *3.

In considering a motion under Rule 12(b)(6), this Court is limited to consideration of the facts as stated in the complaint, any documents which are attached to the complaint, and any documents which are incorporated by reference into the complaint. See Newman & Schwartz v. Asplundh Tree Expert Co., 102 F.3d 660, 662 (2d Cir.1996). ). The Court may consider documents annexed to the complaint or incorporated by reference into the complaint without converting the motion into a motion for summary judgment. Int'l Audiotext Network, Inc. v. Am. Tel. & Tel. Co., 62 F.3d 69, 72 (2d Cir.1995) (per curiam) (quoting Cortec Indus., Inc. v. Sum Holding L.P., 949 F.2d 42, 47 (2d Cir.1991)). "Even where a document is not incorporated by reference, the court may nevertheless consider it where the complaint relies heavily upon its terms and effect, which renders the document integral to the complaint." Chambers v. Time Warner, 282 F.3d 147, 153 (2d Cir.2002) (internal quotations and citations

omitted); see also Levy v. Southbrook Int'l Investments, Ltd., 263 F.3d 10, 13 n. 3 (2d. Cir. 2001).

Here, the complaint refers to the grievances by number, (e.g., Grievance # 28447-06; Complaint ¶ 18) and, thus, incorporates them by reference. Because the documents are incorporated by reference, they may be considered on this motion; alternatively, they may be considered because they are integral to the allegations of the complaint. The contents of the documents are beyond dispute by plaintiff because they were submitted by him in opposition to defendants' motion to dismiss.

The document relating to Grievance # 28447-06 makes plain that it was not defendant Connolly who conducted the investigation. Indeed, it was an Acting Superintendent who signed in place of Connolly. Thus the allegation in paragraph 18 of the Complaint that "Superintendent Connolly stated that Officer Hirsch and Sergeant Turner disputed plaintiff's claims. . . . ." is contradicted by the document on which the allegation is based. Also, in the case of Grievance # 28900-07 referred to in paragraph 92, it was an Acting Superintendent, and not Connolly, who reviewed the work of others.

Connolly did act upon and personally signed the decision denying Grievance # 28571-06, even though he was not the person who conducted the interviews referred to in paragraph 46. As to Grievance # 28796-07 referred to in paragraph 59 of the Complaint, Connolly acted upon and personally signed the decision of the Superintendent denying the Grievance.

At the pleading stage and drawing all reasonable inferences in favor of plaintiff, it is appropriate to assume that Connolly engaged in a meaningful and purposeful review of Grievances # # 28571-06 and 28796-07. His review (which he could have delegated but did not

in the case of these two grievances) was a necessary step in the New York State Department of Corrections Inmate Grievance Program. His signature was not a mere formality. It was not a rubber stamp of the work of others. In the context of an allegation of on-going non-enforcement of a smoking ban which is said to have risen to the level of a deliberate indifference to the serious medical needs of plaintiff, the Superintendent of a Facility, personally reviewing two grievances from plaintiff, would likely know if there were a widespread and systematic disregard of the ban or, at least, facts warranting a further investigation.

The complaint also refers to a letter dated February 28 to Connolly (paragraph 91) which "recommended that you implement testing the 'air quality'." It further suggests weekly or monthly testing of certain areas and suggests that "[t]his is the only way to adequately tract the smoking problems that pervades this facility." All that is alleged is that the letter was sent by plaintiff to Connolly (paragraph 91). This letter, which was not sent as part of the facility's grievance procedure, may not form an independent basis for liability on the part of Connolly. See Johnson v. Wright, 234 F. Supp. 2d 352, 363 (S.D.N.Y. 2002) (collecting cases holding that ignoring prisoners' letters of protest and requests for investigation is insufficient to premise section 1983 liability); Thompson v. New York, No. 99 Civ. 9875 (GBD) (MHD), 2001 WL 636432, at *7 (S.D.N.Y. Mar. 15, 2001); Rivera v. Goord, 119 F. Supp. 2d 327, 344 (S.D.N.Y. 2000); see also Johnson v. Goord, No. 01 Civ. 9587 (PKC), 2004 WL 2199500, at *7 (S.D.N.Y. Sept. 29, 2004). I need not and do not rule on whether the letter is admissible as evidence in any trial.

III.

The motion to reargue and reconsider is GRANTED. I have reconsidered all of defendant Connolly's arguments, including qualified immunity. Upon reconsideration, I grant

the defendant's motion to dismiss as to defendant Connolly insofar as liability is premised upon Grievances # # 28447-06 and 28900-07 and the letter of February 28, 2007 and in all other respects I adhere to my ruling denying the motion to dismiss.

    SO ORDERED.

_____<br>
P. Kevin Castel<br>
United States District Judge

Dated: New York, New York
      March 6, 2008