UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
NURIDEEN ISLAM,

                               Plaintiff,                 07 Civ. 3225(PKC)

        -against-

                                                MEMORANDUM
                                                AND ORDER

BRIAN FISCHER, et al.,

                              Defendants.
------------------------------------------------------------x

P. KEVIN CASTEL, District Judge:

              Plaintiff Nurideen Islam, suing under 42 U.S.C. § 1983, alleges that he was

deprived of rights protected by the Eighth and Fourteenth Amendments to the U.S. Constitution

when he was subjected to second-hand smoke by state prison officials at the Fishkill Correctional

Facility ("FCF").

              Seven individuals were named as defendants in this action: Corrections Officers

Petrie (incorrectly spelled "Pitrie") and Hirsch, Sergeant Turner, Lieutenant Simmons,

William Connolly, the Superintendent of FCF, Lucien J. Leclaire, the Deputy Commissioner of

Facilities Operations and Acting Commissioner of the New York Department of Corrections

("DOCS") and Brian Fischer, Commissioner of DOCS.

              On January 9, 2008, the Court granted in part a motion to dismiss filed by

Defendants Fischer, Leclaire, Connolly, Hirsch and Simmons.

              Defendants Petrie and Turner subsequently brought a motion to dismiss, making

many of the same arguments which had been made by their co-defendants.  Petrie moved to

dismiss all claims asserted against him, on the grounds that plaintiff did not allege that Petrie was

personally involved in any wrongdoing.  (Def. Mem. 2-3.)  Turner sought to dismiss all claims

asserted against him except the claim that he disregarded the ban on indoor smoking at FCF. (Def. Mem. 4.)

For the reasons set forth herein, the motion is granted.

I.

The Complaint alleges that plaintiff has suffered injuries in the past and that he is at risk of serious harm in the future due to his daily exposure to dangerous levels of second-hand tobacco smoke inside the housing unit in which he resides. He further alleges that, as a result of his complaints about the indoor smoking situation, he has been subjected to threats and mistreatment by inmates and corrections officers.

Plaintiff alleges in the Complaint that all defendants were indifferent to the health dangers of environmental tobacco smoke of which they were aware and that they acted with deliberate indifference to plaintiff's rights. (Cmplt. ¶¶ 104-06, 109.) Plaintiff directs no other allegations at Defendant Petrie. As to Sergeant Turner, plaintiff alleges that, on October 6, 2006, he filed a grievance in which he alleged, inter alia, that, without provocation, Sergeant Turner "used profanity at him." (Id. ¶ 12.) Plaintiff asserted that "if Sergeant Turner could legislate it, inmates would not have basic liberties such as constitutional or human rights." (Id. ¶ 14.) He requested that "any unusual incident(s) targeted at [plaintiff] be closely monitored." (Id.) On November 6, 2006, Plaintiff filed another grievance against Hirsch, Officer S. Lucas, Turner and Simmons, in which he asserted, inter alia, that Hirsch and Turner had engaged in "guerrilla warfare" against plaintiff. (Id. ¶ 38.) Plaintiff asserted that, on October 16, 2006, he was "abducted from his room" by Hirsch and Turner and that Turner "escorted plaintiff to Lieutenant Simmons' [o]ffice and interrogated plaintiff about his [October 6] grievance . . . ." (Id. ¶ 16.) Plaintiff claimed that, during the interrogation, Turner threatened him. (Id.) Specifically,

plaintiff alleged that, "Turner told plaintiff that he could have inmates and officers take care of the situation." (Id. ¶ 39.) Superintendent Connolly concluded that plaintiff's grievances against Turner were without merit. (Id. ¶¶ 18, 46.) Plaintiff appealed both grievances to the prison's Central Office Review Committee ("CORC"). (Id. ¶¶ 25, 47.) CORC denied plaintiff's appeals. (Id. ¶¶ 42, 53.)

Plaintiff also alleges that "the supervisors outlined in this civil complaint" were responsible for ensuring that subordinates comply with DOCS policies and procedures. (Id. ¶¶ 104-05.)

## II.

On a motion to dismiss, a court must accept the allegations of the complaint as true and draw all reasonable inferences in the non-movant's favor. See Iqbal v. Hasty, 490 F.3d 143 (2d Cir. 2007), cert. granted, Ashcroft v. Iqbal, 76 U.S.L.W. 3417, 76 U.S.L.W. 3649, 76 U.S.L.W. 3654 (No. 07-1015) (U.S. Jun. 16, 2008). Pro se pleadings are to be given a liberal and generous construction and are to be read "to raise the strongest arguments that they suggest." Burgos v. Hopkins, 14 F.3d 787, 790 (2d Cir. 1994).

Rule 8(a)(2), Fed. R. Civ. P., requires only "'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atl. Corp. v. Twombly, __ U.S. __, 127 S. Ct. 1955, 1964 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)) (alteration in Twombly). When a defendant tests the sufficiency of a complaint by a motion under Rule 12(b)(6), Fed. R. Civ. P., "[t]o survive dismissal, the plaintiff must provide the grounds upon which his claim rests through factual allegations sufficient 'to raise a right to relief above the speculative level.'" ATSI Commc'ns, Inc. v. Shaar Fund, Ltd., 493 F.3d 87, 98 (2d Cir.

2007) (quoting <u>Twombly</u>, 127 S. Ct. at 1965). The complaint is measured against "a flexible 'plausibility standard,' which obliges a pleader to amplify a claim with some factual allegations in those contexts where such amplification is needed to render the claim <u>plausible</u>." <u>Iqbal</u>, 490 F.3d at 157-58 (emphasis in original). This "does not require heightened fact pleading of specifics," <u>In re Elevator Antitrust Litig.</u>, 502 F.3d 47, 50 (2d Cir. 2007); <u>see</u> <u>Erickson v. Pardus</u>, __ U.S. __, 127 S. Ct. 2197, 2200 (2007); however, "it does require enough facts to 'nudge [plaintiffs'] claims across the line from conceivable to plausible.'" <u>Elevator Antitrust Litig.</u>, 502 F.3d at 50 (quoting <u>Twombly</u>, 127 S. Ct. at 1974) (alteration in <u>Elevator Antitrust Litig.</u>).

### A.

As noted, the only claim asserted against Petrie is that he, along with all defendants, was indifferent to the health dangers of environmental tobacco smoke of which he was aware and that he acted with deliberate indifference to plaintiff's rights. "It is well settled in this Circuit that 'personal involvement of defendants in alleged constitutional deprivations is a prerequisite to an award of damages under § 1983.'" <u>Wright v. Smith</u>, 21 F.3d 496, 501 (2d Cir. 1994) (citing <u>Moffitt v. Town of Brookfield</u>, 950 F.2d 880, 885 (2d Cir. 1991)). Plaintiff does not identify any specific action (or inaction) taken by Petrie. No facts are alleged that place Petrie on notice of the specific nature of his involvement with plaintiff or his complaints about second-hand smoke. The allegations are insufficient to state a claim against Petrie.

### B.

Plaintiff alleges that Turner abducted plaintiff and engaged in threatening behavior and "guerrilla warfare" in response to plaintiff filing a grievance against him. Plaintiff made similar allegations against defendant Hirsch. In his brief in opposition to the motion to dismiss that was filed by Hirsch, Fischer, Simmons, Leclaire and Connelly, plaintiff disclaimed

any intention to assert a retaliation claim against Hirsch or any other moving defendant.
(Aug. 31, 2007 Opp. Br. 2.)  In his February 20, 2008 letter in opposition to Turner and Petrie's
motion to dismiss, plaintiff advances no argument in support of a retaliation claim, stating that he
"already addressed each claim against each of the defendants in [the] response on
August 31, 2007."  (Feb. 20, 2008 Opp. Br. 2.)  Thus, I conclude that plaintiff has abandoned any
retaliation claim against Turner.

       To the extent plaintiff is attempting to assert any other claims based on the
allegations that Turner "abducted" plaintiff, aimed profanity and threats at him, and engaged in
"guerrilla warfare" against him, such claims are dismissed.  To prevail on his section 1983 claim,
plaintiff must show that he was deprived of a protected liberty interest without due process of
law.  The Due Process Clause protects only "the most basic liberty interests" of prisoners.  See
Hewitt v. Helms, 459 U.S. 460, 467 (1983); Wolff v. McDonnell, 418 U.S. 539, 555 (1974)
("Lawful imprisonment necessarily makes unavailable many rights and privileges of the ordinary
citizen . . . .").  "[A]ctions under the Due Process Clause are reserved for prisoners enduring a
hardship that is substantially more grave than hardships they would be likely to endure simply as
a consequence of the ordinary administration of the prison."  Welch v. Bartlett, 196 F.3d 389,
392 (2d Cir. 1999).

       Plaintiff's accusation that he was abducted seems to rest solely on the fact that
Turner escorted him to Lieutenant Simmons' office and questioned him about his grievance.
Common sense dictates that being forced to appear for questioning when summoned by a prison
official is an ordinary consequence of incarceration.  Plaintiff's allegation that Turner engaged in
"guerrilla warfare" against him seems to refer to the threats and verbal insults Turner directed at
plaintiff.  The Court recognizes that "the exchange of verbal insults between inmates and guards

-6-

is a constant, daily ritual observed in this nation's prisons . . . [Verbal insults] do not deprive

prisoners of the minimal civilized measure of life's necessities, and thus do not constitute an

eighth amendment violation." Aziz Zarif Shabazz v. Pico, 994 F. Supp. 460, 475 (S.D.N.Y.

1998) (Sotomayor, J.) (citation and internal quotation marks omitted).  Plaintiff has not alleged

that excessive force was used against him; nor has plaintiff alleged that he suffered any

cognizable injury as a result of the abduction, threats, profanity and "guerrilla warfare." See

Purcell v. Coughlin, 790 F.2d 263, 265 (2d Cir. 1986) (affirming district court's dismissal of

claim that prison guard engaged in name calling, where plaintiff did not allege any appreciable

injury) (citing McCann v. Coughlin, 698 F.2d 112, 126 (2d Cir. 1983)); Shabazz, 994 F. Supp. at

474 ("verbal harassment or profanity alone, unaccompanied by any injury no matter how

inappropriate, unprofessional, or reprehensible it might seem, does not constitute the violation of

any federally protected right and therefore is not actionable under 42 U.S.C. § 1983.") (citations

and internal quotation marks omitted).  Plaintiff has not alleged any facts that would support a

finding that his constitutional rights were violated when Turner escorted him to Simmons' office

and questioned him about his grievance, or when Turner verbally threatened and harassed him.

## C.

Defendants Petrie and Turner assert that if and to the extent they are being sued

for money damages in their official capacity, then the claim in actuality is against the state and

must be dismissed under principles of sovereign immunity.  Having concluded that plaintiff

failed to state a claim against Petrie, I need not address any claim against him for money

damages.

With respect to Turner, sovereign immunity principles bar any claim against him

for money damages in his official capacity.  The analysis the Court applied in the January 9

Memorandum and Order in dismissing any such claims against Fischer, Leclaire, Connolly, Hirsch and Simmons applies with equal force to defendant Turner.

To the extent that the plaintiff seeks damages under section 1983 against Turner in his official capacity, that portion of the claim is dismissed from this action.

III.

The motion to dismiss is GRANTED as follows: (1) Plaintiff has failed to state a claim against defendant Petrie and he is dismissed from this action; (2) the motion to dismiss the retaliation claim against Turner is moot; (3) to the extent plaintiff seeks to assert a separate cause of action based on allegations that Turner "abducted" him, threatened him, used profanity and engaged in "guerrilla warfare" against him, such claim is dismissed; (4) plaintiff's claim, to the extent it seeks money damages against Turner in his official capacity, is dismissed.

SO ORDERED.

P. Kevin Castel
United States District Judge

Dated: New York, New York
        June 25, 2008